UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SERVICE WOMEN'S ACTION NETWORK, AMERICAN CIVIL LIBERTIES UNION, and AMERICAN CIVIL LIBERTIES UNION OF CONNECTICUT,<br><br>                Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>                Defendants. | Civil Action No.:<br>3:10-cv-1953 (SRU)<br><br><br><br>April XX, 2013 |

## STIPULATION OF SETTLEMENT AND PROPOSED ORDER

WHEREAS, plaintiffs Service Women's Action Network, American Civil Liberties Union, and American Civil Liberties Union of Connecticut (collectively, "Plaintiffs") filed a complaint in the two above-captioned matters seeking the release of certain documents by, *inter alia*, United States Department of Veterans Affairs ("VA") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"); and

WHEREAS the allegations in the complaints concern, *inter alia*, FOIA requests sent by Plaintiffs to VA, on October 15, 2010 and June 24, 2011, requesting various records held by VA relating to Military Sexual Trauma; and

WHEREAS, the parties have been engaged in efforts to avoid needless litigation of Plaintiffs' claims under FOIA, and have reached a mutually satisfactory resolution;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1

1. VA will produce for FY2006, FY2007, FY2008, FY2009, FY2010, FY2011, and FY2012, a breakdown by gender and VA Regional Office ("VARO") of the following aggregate data:

   (a) The number of claims filed, approved, rejected, or remanded, in which was included a claim for disability benefits for Post-Traumatic Stress Disorder ("PTSD").
   (b) The number of claims based (at least in part) on Military Sexual Trauma ("MST"), including but not limited to sexual assault and sexual harassment, filed, approved, rejected, or remanded, in which was included a claim for disability benefits for PTSD.
   (c) The number of claims filed, approved, rejected, or remanded, in which was included a claim for disability benefits for depression and/or Major Depressive Disorder.
   (d) The number of claims based (at least in part) on MST, including but not limited to sexual assault and sexual harassment, filed, approved, rejected, or remanded, in which was included a claim for disability benefits for depression and/or Major Depressive Disorder.
   (e) The number of claims filed, approved, rejected, or remanded in which was included a claim for disability benefits for anxiety.
   (f) The number of claims based (at least in part) on MST, including but not limited to sexual assault and sexual harassment, filed, approved, rejected, or remanded in which was included a claim for disability benefits for anxiety.

2. Paragraph 1 of this settlement is subject to the following caveats:

   (a) With regard to a breakdown of the data by gender, the parties acknowledge that some results will have gender listed as "unknown," because according to VA, benefits claimants are not required to identify their gender, and some choose not to do so.
   (b) With regard to benefits claims for PTSD based on Military Sexual Trauma, VA will provide data on claims for which either the special issue "Sexual Assault/Harassment" or "Military Sexual Trauma" was marked in the rating decision. VA represents that the "Sexual Assault/Harassment" marker was not implemented until February 2008 and the "Military Sexual Trauma" marker was not implemented until March 2011. There will thus be no data for PTSD claims based on Military Sexual Trauma from before February 2008.
   (c) With regard to benefits claims for depression and/or Major Depressive Disorder, the Department will provide the requested data on claims for which either (i) depression was the diagnosis; (ii) Major Depressive Disorder was the diagnosis; or (iii) diagnostic code 9434 (Major Depressive Disorder) was marked. If there is a claim in which depression and/or Major Depressive Disorder was a symptom but not the diagnosis, and in which diagnosis code 9434 was not marked, then that claim will not be covered in the data, because

2

VA represents that there is no reliable way for the Department to identify such cases, other than by manually reviewing every single benefits claim the Department receives.

(d) With regard to benefits claims for depression and/or Major Depressive Disorder based on Military Sexual Trauma, the caveats noted in subparagraphs 2(b) and 2(c) apply. The VA further represents that there may be no responsive data, or limited data, because the "Sexual Assault/Harassment" and "Military Sexual Trauma" markers apply only to PTSD claims, so only claims involving both PTSD and depression (and/or Major Depressive Disorder) will be covered.

(e) With regard to benefits claims for anxiety, VA will provide the requested data on claims for which either (i) anxiety was the diagnosis used; (ii) diagnostic code 9400 (Generalized Anxiety Disorder) was marked, or (iii) diagnostic code 9413 (Anxiety Disorder, Not Otherwise Specified) was marked. If there is a claim in which anxiety was a symptom but not the diagnosis, and in which neither diagnosis code 9400 nor 9413 was marked, then that claim will not be covered in the data, because VA represents that there is no reliable way for the Department to identify such cases, other than by manually reviewing every single benefits claim the Department receives.

(f) With regard to benefits claims for anxiety based on Military Sexual Trauma, the caveats noted in subparagraphs 2(b) and 2(e) apply, and there may be no responsive data, or limited data, because VA represents that "Sexual Assault/Harassment" and "Military Sexual Trauma" markers apply only to PTSD claims, so only claims involving both PTSD and anxiety will be covered.

3. Defendant VA will provide the records described in paragraphs 1-2 above without charging search or duplication fees to Plaintiffs, or any other costs. Defendant VA will not seek any fees or costs from Plaintiffs relating to the litigation in *Service Women's Action Network, et al. v. U.S. Department of Defense, et al.* ("*SWAN I*"), No. 3:10-cv-1953 (D. Conn.) or in *Service Women's Action Network, et al. v. U.S. Department of Defense, et al.* ("*SWAN II*"), No. 3:11-cv-1534 (D. Conn.).

4. Plaintiffs will not seek attorney's fees or costs from the Department of Veterans Affairs in *SWAN I* or *SWAN II*, and Plaintiffs will not use this settlement as a basis for seeking attorney's fees or costs from any other defendant in *SWAN I* or *SWAN II*.

5. Plaintiffs will not submit to the Department of Veterans Affairs, or seek to enforce in federal court, any additional FOIA requests for the records that are covered by the FOIA requests that Plaintiffs submitted to the Department of Veterans Affairs in *SWAN I* and *SWAN II*, or covered by the data in paragraph 1 of this stipulation of settlement.

6. Plaintiffs' claims against the Department of Veterans Affairs in *SWAN I* are dismissed with prejudice. Plaintiffs will not appeal, collaterally attack, or otherwise challenge the judgment resolving their claims against the Department of Veterans Affairs in *SWAN II*. Plaintiffs' claims against the remaining Defendant U.S. Department of Defense in *SWAN I* and *SWAN II* are unaffected by this Stipulation.

7. The Court shall maintain jurisdiction of *SWAN I* with respect to the Department of Veterans Affairs solely to monitor and enforce if necessary the parties' compliance with the terms of this Stipulation.

8. Upon the execution of this Stipulation, Plaintiffs hereby release and forever discharge VA, and its successor, the United States of America, from any and all claims under FOIA that Plaintiffs assert or could have asserted against VA in *SWAN I* or *SWAN II*, or which hereinafter could be asserted against VA by reason of, or with respect to, or in connection with, or which arise out of, the FOIA requests on which *SWAN I* and *SWAN II* are based or any other matter alleged against VA in the Complaint of *SWAN I* or *SWAN II*.

9. The parties agree and understand that the agreements outlined above fully address and resolve the concerns that prompted Plaintiffs to file their complaint against VA in *SWAN I* and *SWAN II*, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

10. This Stipulation is effective on the date by which both parties have executed the Stipulation.

SO STIPULATED

Dated: April 24, 2013
New Haven, Connecticut

Respectfully submitted,

_____
Michael J. Wishnie, ct27221
Rebecca Izzo, Law Student Intern
Chelsea Kelly, Law Student Intern
Dana Montalto, Law Student Intern
Jerome N. Frank Legal Services Organization
Veterans Legal Services Clinic
P.O. Box 209090
New Haven, CT 06520-9090
(203) 432-4800

Sandra J. Staub, ct 28408
Legal Director
ACLU of Connecticut
330 Main Street
Hartford, Connecticut 06106
(860) 523-9146 ext. 2

Sandra S. Park, Staff Attorney
Lenora M. Lapidus, Director
ACLU Women's Rights Project
125 Broad St., 18th Fl.
New York, NY 10004
(212) 519-7871
*Counsel for Plaintiffs*

STUART F. DELERY
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Director, Federal Programs Branch

_____
JONATHAN G. COOPER
Connecticut Federal Bar Number: phv04411
Trial Attorney, Federal Programs Branch
Civil Division,
United States Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Phone: (202) 305-7697
Fax: (202) 616-8470
Email: jonathan.g.cooper@usdoj.gov

SO ORDERED.

Dated: April ____, 2013

_____
HON. STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE